**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMZAN ALI CHAUDHRY, | No. 14-71654 |
| Petitioner, | Agency No. A072-175-541 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LYNN,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Ramzan Ali Chaudhry appeals the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") by the Board of Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Chaudhry does not challenge the denial of his asylum application as a proper exercise of discretion nor the denial of his application for CAT protection. As a result, he has waived any challenge to the agency's discretionary denial of his asylum application as well as the agency's denial of his application for CAT protection. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

In regard to withholding of removal, Chaudhry challenges the determination by the immigration judge ("IJ") that he failed to present any evidence of an objectively reasonable fear of future persecution based on the possibility that he will be singled out individually for persecution if removed to Pakistan. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Chaudhry does not cite any documentary evidence establishing that anyone in Pakistan was familiar with him or his moderate political opinion. Moreover, the IJ properly afforded Chaudhry's testimony little weight because she found him to be not credible. The IJ also properly gave little weight to expert witness Dr. Gabbay's testimony

because his conclusions were based on Chaudhry's exaggerations and Dr. Gabbay's own speculation.

Chaudhry also challenges the agency's determination that he failed to demonstrate a "systematic pattern or practice of persecution against the group to which he belongs in his home country." *Id.* (internal quotation marks omitted). Specifically, Chaudhry challenges the agency's determination that he did not demonstrate that "individuals who return after a prolonged residence in the United States" constitutes a cognizable social group under the Immigration and Nationality Act. A group must be defined with sufficient particularity and have adequate social distinction in order to constitute a cognizable group. *Matter of S-E-G-*, 24 I&N Dec. 579, 584-88 (BIA 2008). Chaudhry does not point to any evidence indicating that Pakistani society perceives people returning from the United States to be a distinct group. In addition, Chaudhry does not challenge the BIA's determination that he failed to demonstrate that his proposed group satisfied the particularity requirement, so he has waived any challenge to this determination. *See Tijani*, 628 F.3d at 1080; *Lopez-Vasquez*, 706 F.3d at 1079-80.

Next, Chaudhry challenges the agency's determination that he did not demonstrate a nexus between the harm he fears in Pakistan and his alleged protected grounds. Chaudhry fails to demonstrate that his political opinion or

3

membership in a particular social group of people returning to Pakistan after living in the United States would be a central reason for the harm that he fears in Pakistan. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("To establish that the applicant is a refugee . . . , the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason* for persecuting the applicant." (emphasis added)). The only record evidence of the Taliban targeting a returnee from the United States consists of a *New York Times* article cited by Dr. Gabbay. That article discusses a Pakistani national who returned to Pakistan after living in New York for three years. He was abducted by Taliban fighters and accused of being an American spy. The man was released after a ransom was paid. The specific circumstances of the New York man's abduction are open to interpretation, particularly where there is nothing in the article to suggest that the Taliban was motivated by the man's status as a returnee. A reasonable factfinder could infer that the man was abducted out of a desire to receive a ransom for his release. Moreover, fear of generalized or widespread violence in Pakistan does not establish a nexus to a protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED**.